VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND
John Marshall Courts Building

KYSS BURTON, by her mother, SAKIA HALL }
as next friend, }
}
and }
}
SAKIA HALL, }
}
}
                      Plaintiffs, }
}
v. } Case No.: _____
} **TRIAL BY JURY DEMANDED**
HAROLD FORD, }
    Serve at Fairfield Court Elementary School }
    (Defendant is School Resource Officer) }
    2510 Phaup Street }
    Richmond VA 23223 }
}
                      Defendant. }

## COMPLAINT

COMES NOW your plaintiffs, Kyss Burton by her mother, Sakia Hall, as next friend, and Sakia Hall, by counsel, and for their Complaint against Harold Ford, avers as follows:

1. That plaintiff Burton ("Burton") is a natural person who was, at all times relevant herein, a resident of the City of Richmond, Virginia.

2. That at all times relevant herein, Burton, was a student at Fairfield Court Elementary School.

3. That at all times relevant herein, Burton was eight (8) years old.

4. That plaintiff Sakia Hall is the mother of Burton and, as such, has a separate action from Burton for necessary expenses.

1


DEFENDANT'S EXHIBIT A

5. That defendant Harold Moore ("defendant") is a natural person, who upon information and belief is a resident of the City of Richmond, Virginia and a duly-appointed police officer in the City of Richmond Police Department. Defendant is sued in his individual and official capacities.

6. That at all times relevant herein, defendant was the school resource officer at Fairfield Court Elementary School.

7. That on or about March 3, 2010, defendant entered the room in which Burton was a pupil ostensibly because another student was being disruptive.

8. That defendant grabbed Burton by her arm and pulled her out of the chair in which she was sitting.

9. That at the aforesaid time and place, defendant removed Burton from her classroom and took her into the hallway.

10. That without cause or justification, defendant removed Burton from the school building, hand cuffed her and placed her in his police vehicle.

11. That defendant told Burton that he could take her to juvenile detention and she would not see her mother.

12. That defendant placed Burton face down in the back seat of his police vehicle.

## COUNT 1: <u>VIOLATIONS OF 42 U.S.C. 1983: CUSTODY</u>

13. That Burton restates, rellages and repleads the allegations contained in paragraphs 1 through 12, inclusive as if set forth herein again in detail.

14. In committing the acts complained of herein, defendant acted under color of state law to deprive Burton of certain constitutionally protected rights under the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a)

the right to be free from unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from excessive use of force by persons acting under color of state law; and d) the right to be free from false arrest.

15. In violating Burtons' rights as set forth above and other rights that will be proven at trial, defendant acted under color of state law and conducted an unauthorized, warrantless illegal stop, search, and/or seizure of Burton. The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and/or seizure and the use of excessive force by defendant, in violation of Burtons' rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

16. As a direct and proximate result of the violation of her constitutional rights by the defendant, Burton suffered general and special damages as alleged in this Complaint and is entitled to relief under 42 U.S.C §1983.

17. That as a result of the actions of defendant, Burton was caused to suffer and will continue to suffer great pain, mental anguish and serious injuries, has been prevented from transacting her business, has been hampered in the conduct of her personal activities; and Hall has incurred and will incur in the future expenses to cure Burton.

18. The conduct of defendant was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 2
### Violation of Civil Rights Pursuant to Title 42 U.S.C. §1983
### (Use of Excessive Force)

19. That Burton restates, rellages and repleads the allegations contained in paragraphs 1 through 18, inclusive as if set forth herein again in detail.

20. The City of Richmond, Virginia, has adopted policies, procedures, practices or customs within the Richmond Police Department that allow, among other things, the conduct of school resource officers.

21. That the defendant violated Burton's rights to be free of excessive force and unreasonable seizures under the Fourth and Fourteenth Amendments to the Constitution of the United States.

22. As a result of the excessive force used against Burton by defendant, the Burton suffered serious personal injuries and is entitled to relief under 42 U.S.C. §1983.

23. That as a result of the actions of defendant, Burton was caused to suffer and will continue to suffer great pain, mental anguish and serious injuries, has been prevented from transacting her business, has been hampered in the conduct of her personal activities; and Hall has incurred and will incur in the future expenses to cure Burton.

24. The conduct of defendant was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 3
### Virginia Common Law
### (Assault)

25. That Burton restates, rellages and repleads the allegations contained in paragraphs 1 through 24, inclusive as if set forth herein again in detail.

26. Burton avers that the actions of the defendants breached a duty of care owed to Burtons and others similarly situated not to assault them or cause them physical harm or injury, except to the extent allowed by law.

27. Burton avers that the defendant knowingly, wantonly, intentionally, and with gross disregard for the rights of Burton, assaulted her.

28. That as a result of the actions of defendant, Burton was caused to suffer and will continue to suffer great pain, mental anguish and serious injuries, has been prevented from transacting her business, has been hampered in the conduct of her personal activities; and Hall has incurred and will incur in the future expenses to cure Burton.

29. The conduct of defendant was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT 4
### Virginia Common Law
### (False Imprisonment)

30. That Burton restates, rellages and repleads the allegations contained in paragraphs 1 through 29, inclusive as if set forth herein again in detail.

31 That the restraint and seizure of Burton by defendant was entirely without probable cause or any sufficient legal excuse whatsoever and constituted false imprisonment.

32. That as a result of the actions of defendant, Burton was caused to suffer and will continue to suffer great pain, mental anguish and serious injuries, has been prevented from transacting her business, has been hampered in the conduct of her personal activities; and Hall has incurred and will incur in the future expenses to cure Burton.

33. The conduct of defendant was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

WHEREFORE plaintiffs moves for judgment against defendant, in the amount of $1,000,000.00 compensatory damages, $350,000.00 punitive, pre-judgment interest, attorneys' fees and her assessable costs of court.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

KYSS BURTON by her mother, Sakia Hall, as next friend,

SAKIA HALL

By: _____
Counsel

Robert H. Smallenberg (VSB #35848)
Metropolitan Law Center, PLC
10035 Sliding Hill Rd, Ste 204
Ashland VA 23005
Tel. (804) 368-7612
Fax (804) 368-7615
E-Mail: rsmallenberg@metrolawva.com