**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

KYSS BURTON, BY HER MOTHER,
SAKIA HALL AS NEXT FRIEND
AND
SAKIA HALL,

    Plaintiffs,

v.                         **Case No. CL10-3675-00**

HAROLD FORD,

    Defendant.

### ANSWER

NOW COMES the defendant Harold Ford, by counsel, and for his Answer to the suit filed against him denies that he is liable to the plaintiff and further states as follows:

1.    Ford admits the allegations contained in paragraph 1 of the Complaint.

2.    Ford admits the allegations contained in paragraph 2 of the Complaint.

3.    Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of the Complaint and therefore denies them.

4.    Ford is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of the Complaint and therefore denies them.

5.    In response to paragraph 5 of the Complaint, Ford denies that his name is Harold Moore; admits that he is a natural person; denies that he lives in the City of Richmond; admits that he is a police officer for the City of Richmond Police Department; and with regard to the last sentence of paragraph 5 states that it is a statement of law requiring no response from this defendant.

6.    Ford denies the allegations contained in paragraph 6 of the Complaint.



DEFENDANT'S
EXHIBIT
6

7.     Ford denies the allegations contained in paragraph 7 of the Complaint in the manner and form alleged.

8.     Ford denies the allegations contained in paragraph 8 of the Complaint.

9.     Ford denies the allegations contained in paragraph 9 of the Complaint in the manner and form alleged.

10.    Ford denies the allegations contained in paragraph 10 of the Complaint.

11.    Ford denies the allegations contained in paragraph 11 of the Complaint.

12.    Ford denies the allegations contained in paragraph 12 of the Complaint.

### COUNT 1: <u>VIOLATIONS OF 42 U.S.C. § 1983; CUSTODY</u>

13.    In response to the allegations contained in paragraph13 of the Complaint, Ford restates and realleges his responses to the allegations contained in paragraphs 1 through 12 as if set forth in full herein.

14.    Ford denies the allegations contained in paragraph 14 of the Complaint, including subparagraphs a, b, c, and d.

15.    Ford denies the allegations contained in paragraph 15 of the Complaint.

16.    Ford denies the allegations contained in paragraph 16 of the Complaint.

17.    Ford denies the allegations contained in paragraph 17 of the Complaint.

18.    Ford denies the allegations contained in paragraph 18 of the Complaint.

### COUNT 2
**Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983**
**(Use of Excessive Force)**

19.    In response to the allegations contained 19 of the Complaint, Ford restates and realleges his responses to the allegations contained in paragraphs 1 through 18 as if set forth in full herein.

20.    In response to the allegations contained in paragraph 20 of the Complaint, Ford admits that the City of Richmond has certain policies; however, he denies the allegations contained in the paragraph in the manner and ford alleged, and further denies that he was a "school resource officer."

21.    Ford denies the allegations contained in paragraph 21 of the Complaint.

22.    Ford denies the allegations contained in paragraph 22 of the Complaint.

23.    Ford denies the allegations contained in paragraph 23 of the Complaint.

24.    Ford denies the allegations contained in paragraph 24 of the Complaint.

### COUNT 3
### Virginia Common Law
### (Assault)

25.    In response to the allegations contained 25 of the Complaint, Ford restates and realleges his responses to the allegations contained in paragraphs 1 through 24 as if set forth in full herein.

26.    Ford denies the allegations contained in paragraph 26 of the Complaint.

27.    Ford denies the allegations contained in paragraph 27 of the Complaint.

28.    Ford denies the allegations contained in paragraph 28 of the Complaint.

29.    Ford denies the allegations contained in paragraph 29 of the Complaint.

### COUNT 4
### Virginia Common Law
### (False Imprisonment)

30.    In response to the allegations contained 30 of the Complaint, Ford restates and realleges his responses to the allegations contained in paragraphs 1 through 29 as if set forth in full herein.

31.    Ford denies the allegations contained in paragraph 31 of the Complaint.

3

32.   Ford denies the allegations contained in paragraph 32 of the Complaint.

33.   Ford denies the allegations contained in paragraph 33 of the Complaint.

34.   Ford denies the allegations contained in the last unnumbered paragraph of the Complaint.

35.   Ford denies that he is indebted to the plaintiff in the amount claimed or any amount, for the reasons stated or for any other reason.

36.   Ford denies each and every allegation contained in the Complaint not specifically admitted herein.

37.   Ford denies that he in any way violated any rights of the plaintiffs or in any way caused any injury or damages to the plaintiffs.

38.   Ford denies any wrongdoing and further denies that the plaintiffs suffered a constitution violation or compensable injury caused by him.

## AFFIRMATIVE DEFENSES

39.   Ford avers that he is entitled to sovereign immunity from plaintiffs's claims and avers that he will rely upon the doctrine of sovereign immunity as a complete bar to the plaintiffs' claims.

40.   Ford avers that he is entitled to qualified immunity from plaintiff's claims and avers that he will rely upon the doctrine of qualified immunity as a complete bar to the plaintiffs' claims.

41.   Ford intends to rely upon the defenses of consent, self-defense and state good faith immunity as a bar to the plaintiffs' claims.

4

42.   Ford avers that his conduct, at all times referenced in the complaint, was in good faith and reasonable under the circumstances, and that this good faith, reasonable conduct is a defense to the plaintiffs' claims.

43.   Ford avers that all actions taken by him were performed pursuant to legal obligations that are required and/or permitted him to act as a police officer and to carry out his duties. All actions were taken with probable cause and were reasonable, necessary, justified and/or excusable under the circumstances.

44.   Ford avers that he acted lawfully and with legal justification at all times referenced in the plaintiffs' Complaint.

45.   Ford denies that plaintiffs are entitled to punitive damages and further states that the imposition of punitive or exemplary damages against Ford would violate his constitutional rights under the Due Process clauses in the Fifth and Fourteenth Amendments to the Constitution of the United States, the Excessive Fines clause in the Eighth Amendment to the Constitution of the United States, the Double Jeopardy clause in the Fifth Amendment to the Constitution of the United States, and similar provisions, including Article I, Section 9 and Article I, Section 11 of the Constitution of Virginia, in the circumstances of this litigation, including but not limited to:

a.   imposition of such punitive damages by a jury which (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of such a punitive damages award, (2) is not adequately and clearly instructed on the limits of punitive damages imposed by the principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award thereof, in whole or in part, on the basis of invidiously discriminatory characteristics of the defendant, (4) is permitted to award punitive damages under a standard for determining liability for such damages which is vague

5

and arbitrary and does not define with sufficient clarity the conduct or mental state which makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards;

        b.      imposition of such punitive damages, and determination of the amount of an award thereof, where applicable state law is impermissibly vague, imprecise, or inconsistent;

        c.      imposition of such punitive damages, and determination of the amount of an award thereof, employing a burden of proof less than clear and convincing evidence;

        d.      imposition of such punitive damages, and determination of the amount of an award thereof, without bifurcating the trial and trying all punitive damages issues only if and after the liability of the defendant has been found on the merits;

        e.      imposition of such punitive damages, and determination of the amount of an award thereof, under any state's law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount; and/or

        f.      imposition of such punitive damages, and determination of the amount of an award thereof, based on anything other than defendant's conduct as alleged in this litigation, or in any other way subjecting the defendant to impermissible punishment.

      46.      Ford reserves the right to amend this answer at any time, including but not limited to, any amendment necessary in the event that evidence becomes available during the course of discovery or at trial that may warrant assertion of a new defense, including affirmative defenses.

      WHEREFORE for the foregoing reasons, defendant Harold Ford moves the Court for judgment in his favor, for his costs expended and for such other relief as the Court deems proper.

Trial by jury is demanded.

**HAROLD FORD**

By Counsel

David P. Corrigan (VSB No. 26341)
Jeremy D. Capps (VSB No. 43909)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile

# CERTIFICATE

I hereby certify that a true copy of the foregoing was mailed this 25th day of January, 2011 to:

> Robert H. Smallenberg, Esq.
> Metropolitan Law Center, PLC
> 10035 Sliding Hill Road, Suite 204
> Ashland, VA 23005
> *Counsel for Plaintiff*

> Brian K. Telfair, Esq.
> City of Richmond
> Office of the City Attorney
> 900 E. Broad Street, Room 300
> Richmond, VA 23219
> *Counsel for the City of Richmond*

David P. Corrigan

7