IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KYSS BURTON, BY HER MOTHER,
SAKIA HALL AS NEXT FRIEND AND
SAKIA HALL,

    Plaintiffs,

v.                                    Case No. 3:11-cv-00065-JRS

HAROLD FORD,

    Defendant.

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL

On February 28, 2011, parties held the Rule 26(f) conference in accordance with the Federal Rules of Civil Procedure. No objections were made by plaintiffs at that time, and it was agreed that the plaintiffs' Initial Disclosures were due on or before March 4, 2011. The defendant, though he had not received plaintiffs' Initial Disclosures on the date agreed upon, filed his Initial Disclosures on March 17, 2011, a day before the agreed upon date.

On March 24, 2011, defense counsel appeared at the Court's Initial Pre-Trial Conference. Plaintiffs' counsel failed to appear. Within days, defense counsel asked plaintiffs' counsel to provide plaintiffs' Initial Disclosures.

On March 30, 2011, defendant propounded and served Interrogatories on the plaintiffs. (Exhibit 1). At the same time, the defendant served a Request for Production of Documents on the plaintiffs. (Exhibit 2). The plaintiffs still have not served objections or answers to interrogatories, but on May 16 provided limited responses to the Request for Production.

On April 22, 2011 counsel met in accordance with the Federal Rules of Civil Procedure to discuss any written stipulations of any uncontroverted facts and to consult regarding

1

settlement. Again plaintiffs' counsel said he would file the Initial Disclosures. To date, plaintiffs' Initial Disclosures have not been received.

At the conference on April 22, 2011, counsel agreed to set aside May 9 and 13, 2011 for the depositions of the parties. On April 27, 2011 plaintiffs' counsel returned defense counsel's April 25, 2011 email in which he wrote he had cleared May 13, 2011 and that oddly, both numbers he had for Sakia Hall seem to be out of service. (Exhibit 3). The depositions were scheduled to be held at the City of Richmond's Attorney's office. On May 3, 2011 defense counsel emailed plaintiffs' counsel noting he had sent deposition notices for the depositions of the plaintiffs. Also in the email, defense counsel noted he had still not received an Initial Disclosure nor responses to defendant's written discovery. Plaintiffs' counsel replied on May 4, 2011 noting the plaintiffs had moved, and she had not received anything from her counsel. He emailed the discovery responses to her. Defense counsel replied he would like to proceed on May 13th. (Exhibit 4).

On May 10, 2011, defense counsel asked if the depositions were still on for May 13th. He received an email from plaintiffs' counsel stating Ky'ss Burton had the equivalent of SOLs on May 13th. When defense counsel responded requesting how soon could the depositions be if not May 13th, plaintiffs' counsel responded he would call him after he received confirmation from plaintiff Sakia Hall. He also said he was "still looking to get you the rule 26 disclosure and our answers to discovery by Friday." (Exhibit 5). On May 11, 2011 plaintiffs' counsel confirmed the deposition for May 20, 2011 at noon. (Exhibit 6). On May 12, 2011, defense counsel wrote to plaintiffs' counsel noting his concern about his failure to provide the Initial Disclosures or responses to written discovery or to present his clients for depositions. He wrote

that based on plaintiffs' counsel's representations, he would hold off on filing the Motion to Compel until Friday. (Exhibit 7). The discovery cut-off is fast approaching.

Rule 37 provides that the court may compel any party to provide Initial Disclosures, to provide discovery responses when a party fails to answer an interrogatory under Rule 33, and to appear for their depositions. For the foregoing reasons, the defendant respectfully requests that this Court enter an Order compelling the plaintiffs to provide (1) Initial Disclosures, (2) complete Answers to Interrogatories, executed under oath, and (3) to make plaintiffs available to sit for their depositions. Further, given the plaintiffs' failure to provide any information in support of their claims, the defendant requests that the Court compel that all of the discovery be responded to fully and without objection by May 20 (the day agreed for the depositions) and that failure of the plaintiffs to do so will result in dismissal of this case.

**HAROLD FORD**

By Counsel

/s/
David P. Corrigan
VSB No. 26341
Attorney for Harold Ford
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
dcorrigan@hccw.com

**C E R T I F I C A T E**

I hereby certify that on the __17th__ day of May, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Robert H. Smallenberg, Esq.
>Metropolitan Law Center, PLC
>10035 Sliding Hill Road, Suite 204
>Ashland, VA 23005

>Brian K. Telfair, Esq.
>City of Richmond
>Office of the City Attorney
>900 E. Broad Street, Room 300
>Richmond, VA 23219

/s/
David P. Corrigan
VSB No. 26341
Attorney for Harold Ford
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
(804) 747-5200
(804) 747-6085 – facsimile
dcorrigan@hccw.com